IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD WARGO,** | : CIVIL ACTION NO. 1:21-CV-1508 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case in which petitioner Richard Wargo seeks dismissal of unspecified "violations" and release from custody. We will dismiss the petition without prejudice.

**I.       Factual Background & Procedural History**

In his petition, Wargo asserts that he was "falsely arrested by Officer Martin Livergood of the Shenandoah Police Department without probable cause and without an arrest warrant" in violation of the Pennsylvania Rules of Criminal Procedure. He also asserts that this "coincide[d]" with a lack of a warrant from "Parole and Probation Officer Brandon Tran to which 18 U.S.C.A. § 3148(a)(b)(1)(A)(B) violates Pennsylvania Rules of Evidence 401 for no scientific proof of a positive urinalysis." Wargo states that this "is a false technical violation" due to a 2018 change to the federal sentencing guidelines and notes that his "imposing sentencing judge did not implement that as a condition."

Wargo asserts that an unspecified municipal policy in Schuylkill County violates the United States Constitution and the Federal Rules of Evidence. He also

asserts that "Act 122[1] is completely deprived." He then appears to assert that certain provisions of the Federal Rules of Criminal Procedure violate the Federal Rules of Evidence and that provisions of the Federal Rules of Evidence "violate[] all rules of discovery." Finally, he asserts that "Federal Rules of Criminal Procedure Rule 32.1(b)(5) is met," and "thus Federal Rules of Civil Procedure Rule 1 just is not met creating a false arrest and false imprisonment." Based on these statements, he seeks "dismissal of the violations and his release due to Agent Tran acting fraudulently, arbitrarily, and capriciously."

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule to habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

The court will dismiss the petition under Rule 4. The court simply cannot determine from reviewing Wargo's petition what he is challenging or why he would be entitled to habeas corpus relief. The petition appears to challenge some unspecified determination that Wargo violated a sentence of probation or parole, but it also includes seemingly unrelated challenges to the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, which would not be implicated in a

---

[1] Wargo does not specify what this act is.

2

state probation or parole determination.  He also challenges "Act 122" as being "completely deprived," but does not state what "Act 122" is or how it being "completely deprived" would entitle him to habeas corpus relief.  Finally, Wargo bases his request for relief on "Agent Tran acting fraudulent, arbitrarily, and capriciously," but does not explain what actions Agent Tran took that were fraudulent, arbitrary, or capricious.  Accordingly, because the court cannot discern any basis for granting habeas corpus relief from Wargo's petition, dismissal is appropriate under Rule 4.

### IV.	Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  A certificate of appealability will not issue because jurists of reason would not debate that Wargo states a valid claim of a denial of a constitutional right or that the court's procedural ruling is incorrect.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner
> United States District Judge
> Middle District of Pennsylvania

Dated:	October 25, 2021